Matter of Duboff (2024 NY Slip Op 04139)

Matter of Duboff

2024 NY Slip Op 04139

Decided on August 7, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
HELEN VOUTSINAS, JJ.

2023-08630

[*1]In the Matter of Leonard D. Duboff, admitted as Leonard David Duboff, an attorney and counselor-at-law. (Attorney Registration No. 3249703)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 23, 1972, under the name Leonard David Duboff. By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of the State of Oregon, dated February 16, 2023.

Courtny Osterling, Acting Chief Counsel, Brooklyn, NY (Lisa M. McCabe of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Leonard D. Duboff, Portland, Oregon, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order dated February 16, 2023, the Supreme Court of the State of Oregon publicly reprimanded the respondent for his violation of rule 1.8(a) of the Oregon Rules of Professional Conduct (RPC), which prohibits an attorney from entering into a business transaction with a client unless the client gives informed consent signed in writing to the essential terms of the transaction.
The Oregon Disciplinary Proceeding 
The respondent was admitted to the Oregon Bar in 1977 and maintains his law office and place of business in Oregon. In or about 1999, the respondent represented a husband and wife individually, as well as their construction company (hereinafter collectively the clients). Thereafter, the respondent and the clients entered into a fee arrangement wherein the clients would pay the respondent's legal fees by performing certain construction projects on properties that the respondent owned. In or about July 2015, the respondent emailed a letter to the clients regarding their agreement with the subject line "In[-]Kind Payments for Legal Services." The letter stated in part:
"We have now agreed that you will pay some or all of the amounts you owe, or will owe in the future, to The Duboff Law Group with construction services including but not limited to carpentry, electrical, plumbing, painting, and the like, instead of by paying with money." 
The letter then explained:
"Oregon ethical rules consider such an in[-]kind payment arrangement to be a business transaction between the law firm and [the] client. The Du[b]off Law Group will not be representing you in [*2]this business transaction.
"The Duboff Law Group will continue to calculate its billings based on its then-standard hourly rate and will credit you for the in[-]kind payments based on your rates for the work you perform. You will provide this firm with a 1099 form for the value of these in[-]kind payments." This relationship continued until 2017, when the respondent became dissatisfied with the work performed by the clients, terminated his legal representation of the clients, and filed a lawsuit against the clients alleging, inter alia, negligence, fraud, and breach of contract. The clients sent a letter to the Bar Client's Assistance Office (hereinafter the Bar) describing their interactions with the respondent. After the Bar's investigation concluded, the Bar charged the respondent with one violation of RPC rule 1.8(a), and a trial panel was convened. The panel found that the respondent and the clients had, in fact, entered into a "business transaction" and that the respondent had violated RPC rule 1.8(a).
Thereafter, on September 22, 2022, the Supreme Court of the State of Oregon heard arguments on the issue, and reviewed the trial panel's decision. The court determined that the letter omitted terms essential to the business transaction, and that it failed to specify how the parties would determine what construction services the clients would perform, when they would be performed, and how the respondent would calculate the amount of credit that he would provide to the clients for their services. Therefore, the court found the respondent's arrangement with his clients was a business transaction subject to the requirements of RPC rule 1.8(a), and the July 2015 letter that the respondent sent to the clients failed to disclose essential terms of the transaction.
By order dated February 16, 2023, the Supreme Court of the State of Oregon publicly reprimanded the respondent.
New York Proceeding 
By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why he should not be reciprocally disciplined. By affidavit dated October 16, 2023, the respondent does not raise any of the enumerated defenses in 22 NYCRR 1240.13(b), and respectfully requests that this Court impose a public reprimand as reciprocal discipline. In mitigation, the respondent states that he has been practicing law for more than 50 years with no prior discipline, that there was no dishonest or selfish motive in his misconduct, that he cooperated with the disciplinary proceedings, and that he made a full disclosure of his misconduct. He further states that he has been committed to the legal profession, which reflects his positive character and reputation in the community.
In response, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts submits an affirmation dated October 25, 2023, stating that the respondent acknowledged his public reprimand for professional misconduct, failed to raise any defenses as enumerated in 22 NYCRR 1240.13(b), and the mitigation he sets forth is a matter for this Court's consideration. The Grievance Committee further states that upon information and belief, the respondent failed to notify this Court of his Oregon discipline as required by 22 NYCRR 1240.13(d).
Findings and Conclusion 
Based on the admitted misconduct underlying the discipline imposed by the order of the Supreme Court of the State of Oregon, dated February 16, 2023, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be publicly censured.
LASALLE, P.J., DILLON, DUFFY, BARROS and VOUTSINAS, JJ., concur.
ORDERED that the respondent, Leonard D. Duboff, admitted as Leonard David Duboff, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court